IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-cv-50

UNITRIN AUTO AND HOME
INSURANCE COMPANY,

    Plaintiff,

vs.

BONNIE SIARRIS,

    Defendant.

**ORDER**

**THIS MATTER** is before the Court upon Defendant's Motion for Judgment on the Pleadings (Doc. No. 12) and Memorandum in Support (Doc. No. 13), Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 14) and Memorandum in Support (Doc. No. 15), Defendant's Reply (Doc. No. 16), and Plaintiff's Reply (Doc. No. 17). The parties both seek judgment on the pleadings for their respective claims for declaratory judgment under an insurance policy. For the reasons set forth below, Defendant's Motion is **DENIED** and Plaintiff's Motion is **GRANTED**.

## I. BACKGROUND

The pertinent facts of this case are not in dispute. On October 4, 2010 Defendant Bonnie Siarris was involved in an automobile accident in Charlotte, North Carolina with an unknown driver and alleges she suffered bodily injury as a result. The driver fled the scene of the accident and has neither been located nor identified. At all relevant times, Siarris was insured by Plaintiff Unitrin Auto & Home Insurance Company ("Unitrin") under policy No. RC 981128 (the

"Policy," Doc. No. 1-1).[1] That Policy obligates Unitrin to pay compensatory damages for uninsured motorist ("UM") coverage "which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle." (Doc. No.1-1 at 89). The parties agree that the unknown driver qualifies as an uninsured motorist for the purposes of the Policy. The Policy provides, in pertinent part:

> **PART C1 – UNINSURED MOTORIST COVERAGE**
>
> **INSURING AGREEMENT**
>
> We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:
>
> 1. **Bodily injury** sustained by an **insured** and caused by an accident;
>
> …
>
> Any judgment for damages arising out of a suit is not binding on us unless we have been served a copy of the summons, complaint or other process against the uninsured motorist.
>
> …
>
> **ARBITRATION**
>
> If we and an **insured** do not agree:
>
> 1. Whether that **insured** is legally entitled to recover compensatory damages from the owner or operator of an **uninsured motor vehicle**; or
>
> 2. As to the amount of such compensatory damages;
>
> Then the insured may demand to settle these disputed issues by arbitration.

(Doc. No. 1-1 at 89-92, 113-14). The Policy then goes on to describe the procedure for initiating arbitration, as well as specific restrictions on the availability of arbitration:

> For the purposes of an:

---

[1] The parties agree that the Policy was modified by endorsements. All references to the "Policy" herein refer to the Policy as modified.

1. Uninsured Motorists Coverage claim, if an **insured** files a lawsuit against us or an owner or operator of an **uninsured motor vehicle** seeking damages that are the subject of the claim for Uninsured Motorists Coverage under this policy, the **insured** shall have the right to demand arbitration only if such lawsuit is filed within the time limit required by the laws of the state where the accident occurred for filing a lawsuit against the owner or operator of the **uninsured motor vehicle** for the damages arising out of the accident and only if the **insured** gives us a written demand for arbitration within thirty (30) days after the filing of such lawsuit.

(Doc. No. 1-1 at 114).

Approximately one week prior to the expiration of the statute of limitations for negligence actions, Defendant sent Plaintiff copies of letters demanding arbitration and identifying a chosen arbitrator, per the procedures laid out in the Policy. Unitrin does not dispute that it received the letters prior to the expiration of the statute of limitations. Siarris did not file a lawsuit, nor did she take any other action to recover from the unknown driver or Unitrin prior to the expiration of the statute of limitations.

Unitrin filed this action on February 2, 2014 seeking a declaratory judgment that it does not owe Siarris uninsured motorist coverage under the Policy, attaching to the Complaint copies of the Policy and the letter sent to Unitrin by counsel for Siarris. (Doc. No. 1). On March 18, 2014, Siarris filed an Answer and Counterclaim (Doc. No. 3) seeking a declaratory judgment that Unitrin is obligated to participate in binding arbitration per the terms of the Policy.

## II. LEGAL STANDARD

Under Rule 12(c) of the Federal Rules of Civil Procedure, "a party is entitled to a judgment on the pleadings when no genuine issues of material fact exist, and the case can be decided as a matter of law." *Davenport v. Robert H. Davenport, D.D.S., M.S., P.A.*, 146 F. Supp. 2d 770, 783 (M.D.N.C. 2001). The Court considers both the Complaint and Answer in ruling on a Rule 12(c) motion, and all inferences of fact are to be viewed in the light most favorable to the

nonmoving party. *Edwards v. City of Greensboro*, 178 F.3d 231, 248 (4th Cir. 1999). Documents attached to the pleadings may be considered by the Court when the parties do not dispute the authenticity of the documents. *See Bradley v. Ramsey*, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004) (citation omitted).

A motion under Rule 12(c) has appropriately been used for resolving declaratory judgment actions involving the construction of insurance policy language or provisions. *See, e.g.*, *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396 (4th Cir. 1998) (upholding Rule 12(c) judgment declaring rights between two insurers over an employer's liability exclusion). Also, a statute of limitations defense may be raised by a motion for judgment on the pleadings. *See, e.g.*, *Miller v. St. Paul Fire and Marine Ins. Co.*, 480 F. Supp. 32, 34 n.2 (W.D. Okla. 1979).

### III. DISCUSSION

As previously noted, the parties do not dispute the pertinent facts of this case, nor do they dispute the authenticity of the Policy attached to Plaintiff's Complaint, making this matter appropriate for consideration under Rule 12(c). Further, the parties agree that there exists an actual and justiciable controversy between them with respect to their rights under the Policy, and the Court finds that this matter is appropriate for a declaratory judgment.

Because this is a diversity action, we apply the law of North Carolina, which treats the interpretation of insurance policy provisions as a question of law. *ABT Bldg. Prods. Corp. v. Nat'l Union Fire Ins. Co.*, 472 F.3d 99, 115 (4th Cir. 2006); *N.C. Farm Bureau Mut. Ins. Co. v. Briley*, 491 S.E.2d 656, 658 (N.C. Ct. App. 1997).[2] In North Carolina, provisions of an insurance policy extending coverage, where reasonable, are construed liberally in favor of coverage. *See*

---

[2] *See also* N.C. Gen. Stat. § 58-3-1 ("All contracts of insurance on property, lives, or interests in this State shall be deemed to be made therein, and all contracts of insurance the applications for which are taken within the State shall be deemed to have been made within this State and are subject to the laws thereof."). The parties agree that this Policy was issued in the State of North Carolina, and do not appear to dispute that the Policy concerns property and interests within this State.

4

*State Capital Ins. Co. v. Nationwide Mut. Ins. Co.*, 350 S.E.2d 66, 68 (N.C. 1986). "Any doubt as to coverage is to be resolved in favor of the insured." *Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co.*, 340 S.E.2d 374, 378 (N.C. 1986). Further, any "exclusions from, conditions upon and limitations of undertakings by the company . . . are to be construed strictly so as to provide coverage which would otherwise be afforded by the policy." *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 172 S.E.2d 518, 523 (N.C. 1970). As the drafter of the policy, the insurer must clearly state any conditions, exclusions, or other coverage limitations, *see id.*; otherwise, they will be construed in favor of coverage, *see Herring v. Liner,* 594 S.E.2d 117, 120 (N.C. Ct. App. 2004).

Here, Unitrin argues that the language of the Policy is clear, and that under the clear terms of that Policy, it is not obligated to pay UM benefits to Siarris. The Policy provides that Unitrin is only obligated to pay UM benefits when "an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle," (Doc. No. 1-1 at 89), and here there can be no question whether Siarris is legally entitled to recover from the unknown driver because the applicable statute of limitations has run. *See* N.C. GEN. STAT. § 1-52(16). The fact that Siarris demanded arbitration prior to the expiration of the statute of limitations does not change this outcome because demanding arbitration did not toll the statute or otherwise preserve her rights against the unknown driver.

Unitrin cites *Brown v. Lumbermens Mutual Casualty Co.* for the proposition that an insurer's liability from an uninsured motorist endorsement such as this one is "derivative and conditional." 204 S.E.2d 829, 834 (N.C. 1974). In that case, the administrator of a decedent's estate brought an action against an insurer to recover UM benefits after the statute of limitations for tort actions had run. The Supreme Court of North Carolina held that the timeliness of the suit

was to be measured by the statute of limitations governing tort actions rather than breach of contract, and that the plaintiff's claim was therefore barred. *See id.* It explained:

> To be "legally entitled to recover damages," a plaintiff must not only have a cause of action but a remedy by which he can reduce his right to damages to a judgment.
>
> . . . .
>
> [W]hen defendant undertook "to pay all sums which the insured or his legal representatives shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of (a) bodily injury, sickness or disease, including death resulting therefrom . . ." it assumed liability only for damages for which plaintiff could recover judgment in a court of law in an action against the uninsured motorist. At the time this action was instituted plaintiff could have recovered no damages from the hit-and-run motorist because his action was barred by the statute of limitations.

*Id.* Unitrin also calls the Court's attention to *Grimsley v. Nelson*, 467 S.E.2d 92 (N.C. 1996). In that case, plaintiffs were hit from behind by a motor vehicle. A few weeks before the statute of limitations expired, they sued the driver of the vehicle that hit them, but improperly served the driver's son. Pursuant to N.C. Gen. Stat. § 20-279.21(b)(3), plaintiffs also served the UM carrier with a copy of the lawsuit. *See id.* at 93. The driver moved to dismiss the suit based on insufficiency of process, which motion was granted. The trial court also granted the insurer's motion to dismiss on the basis that the insurer had no liability if a claim could not be asserted against the uninsured driver. The North Carolina Court of Appeals affirmed the dismissal of the driver, but reversed as to the insurer. *See id.* at 93-94.

The Supreme Court of North Carolina reversed, ruling that the trial court's dismissal of both the driver and the insurer was proper. It noted that, pursuant to N.C. Gen. Stat. § 20-279.21(b)(3) a., the insurer was only obligated to pay any judgment entered against the tortfeasor. Thus, when the driver was dismissed from the suit, no liability could be imposed upon

6

the insurer, and the insurer was properly dismissed from the suit despite having been served a copy of the complaint prior to the expiration of the statute of limitations. *See id.* at 96.

Taken together, these and the other cases[3] cited by Unitrin demonstrate the precariousness of Siarris' position. The parties do not dispute that the statute of limitations has expired. Nor do they dispute that Siarris did not file a lawsuit or otherwise take steps to preserve her right to recover from the unknown driver. The only thing Siarris did was demand arbitration from Unitrin, arbitration which is meant to resolve "[w]hether [the] insured is legally entitled to recover compensatory damages from the owner or operator of an uninsured motor vehicle." (Doc. No. 1-1 at 113-14). A close reading of these cases—some of which considered the precise policy language at issue here—demonstrates that Siarris has no right to recover damages from the unknown driver because the statute of limitations has run on her claim. *See Brown*, 204 S.E.2d at 834. These cases clearly demonstrate that Unitrin's liability under the Policy is derivative of the unknown driver's liability; thus Siarris has no right to recover from Unitrin if she has no right to recover from the driver.

In response, Siarris contends that her demand for arbitration was sufficient to animate the arbitration provisions of the Policy, and that she was under no obligation to file a lawsuit to prior to demanding arbitration.[4] In support, she cites *Wright v. Fidelity & Casualty Co. of New York*, in which the Supreme Court of North Carolina held that the filing of a lawsuit against an uninsured motorist "is not a condition precedent to [the insurer's] liability under the uninsured motorist coverage in [the] policy, *if there was such coverage*." 155 S.E.2d 100, 107 (N.C. 1967)

---

[3] *See generally Spivey v. Lowery*, 446 S.E.2d 835 (N.C. Ct. App. 1994) (plaintiff's release of tortfeasor precluded plaintiff's claim for UIM benefits); *Buchanan v. Buchanan*, 350 S.E.2d 175 (N.C. Ct. App. 1986) (insured was not "legally entitled to recover" UIM benefits from UIM insurer having accepted settlement from tortfeasor's insurance carrier and having signed a general release).
[4] Siarris does assert, however, that she was obligated to demand arbitration before the statute of limitations ran. (*See* Doc. No. 13 at 10 n.2).

(emphasis added). Here, however, Unitrin does not argue that Siarris was required to file suit as a condition precedent to recovering UM benefits under the Policy. Instead it argues that she was required to preserve her right to recover against the uninsured motorist in order to obtain UM benefits under the Policy. This could have been accomplished in several ways, including filing a lawsuit pursuant to N.C. Gen. Stat. § 20-279.21(b)(3), entering into a tolling agreement, or simply initiating and completing arbitration prior to the expiration of the statute of limitations. Regardless, the clear terms of the Policy require that the insured be "legally entitled to recover" from an uninsured motorist, and it follows that Siarris was required to maintain this right to recover in order to obtain UM benefits under the Policy.

Boiled down, Siarris' argument is essentially that demanding arbitration for UM benefits tolls the statute of limitations, or in some other way preserves a claimant's right to recover under the uninsured motorist provisions of an insurance policy. But Siarris fails to call the Court's attention to any North Carolina case that has made such a ruling, and the Court knows of no legal authority that could support that proposition. As a result, the Court finds that Siarris is not "legally entitled to recover" damages from the unknown driver, and thus cannot recover UM benefits from Unitrin under the Policy.

Siarris also argues that the terms of the Policy commit to arbitration the question of whether the insured is legally entitled to recover from an uninsured motorist, and the Court should therefore order arbitration as a matter of course. In response, Unitrin asserts that the question Siarris seeks to have answered in arbitration is settled as a matter of law, and that arbitration "is not a vehicle to pursue a question that has only one answer." (Doc. No. 17 at 2). The Court agrees. It is clear from the terms of the policy, read in the light of prevailing North Carolina law, that Siarris has no right to recover from the unknown driver, and no right to

recover from Unitrin. Because Unitrin is entitled to judgment as a matter of law as to its liability under the Policy, the Court will not order the parties to engage in binding arbitration.

## IV. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 14) is **GRANTED** as follows: The Court **HEREBY DECLARES** that Plaintiff is not obligated to pay Defendant compensatory damages under the uninsured motorist provision of the Policy (No. RC 981128) arising out of the October 4, 2010 automobile accident.

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties' respective requests for fees are **DENIED**. The parties shall bear their own costs.

The Clerk of Court is directed to enter judgment accordingly and **CLOSE** this case.

**SO ORDERED.**

Signed: February 2, 2015

Graham C. Mullen
United States District Judge